**Dismissed and Memorandum Opinion filed January 7, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-01087-CR

**JAMES TRACY LEGGETT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1042405**

## M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to a state jail felony theft offense. In accordance with an agreement with the State, on September 6, 2006, the trial court deferred a finding of guilt, placed appellant on community supervision for four years, and assessed a fine of $500. The State subsequently moved to adjudicate appellant's guilt, alleging several violations of the conditions of appellant's community supervision. Appellant entered a plea of true to the allegations in the motion, and as part of his agreement with the State, he signed a written waiver of

his right to appeal. On April 18, 2007, the trial court adjudicated appellant's guilt and sentenced him to confinement in the Harris County Jail for 180 days.

On April 25, 2013, appellant filed a *pro se* letter in the court below, asking the trial court to review his case. On April 26, 2013, the trial court denied the request. On November 4, 2013, appellant filed a *pro se* "Plaintiff's Original Petition," "Motion to Appeal," and a motion to proceed *in forma pauperis*. An appeal was then assigned to this court, and the clerk's record was filed December 19, 2013.

We lack jurisdiction over this attempted appeal. Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from a final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *see also* Tex. Code Crim. Proc. Ann. art. 11.07; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides the exclusive means to challenge a final felony conviction).

Moreover, a notice of appeal must be filed within 30 days after the trial court signs an appealable order. *See* Tex. R. App. P. 26.2(a)(1). Appellant's "Motion to Appeal" was filed more than 30 days after the trial court denied his request to review his conviction. The "Motion to Appeal" is also clearly untimely to appeal appellant's 2007 conviction. *See* Tex. R. App. P. 26.2(a) (requiring a notice of appeal to be filed within 30 days after sentencing, or within 90 days after sentencing if a timely motion for new trial is filed).

To vest the court of appeals with jurisdiction, an appellant in a criminal case must file a notice of appeal in compliance with the requirements of Texas Rule of Appellate Procedure 26.2. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain

jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *Id.*

Accordingly, we order the appeal dismissed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Wise.

Do Not Publish — Tex. R. App. P. 47.2(b).